LUELLA V. MATTHEWS, Petitioner, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, In and for the County of Washoe, Department No. 4, the Honorable Thomas O. Craven, District Judge, Respondent.

No. 7950

February 13, 1975          531 P.2d 852

*Gordon C. Shelley,* of Reno, for Petitioner.

*Murray V. Dolan,* of Sparks, for Respondent.

## OPINION

*Per Curiam:*

On June 19, 1974, the respondent court granted a decree of divorce to the plaintiff wife, petitioner here, ordering the defendant husband to pay plaintiff $100 per month apiece for

the support of the parties' two children, which the court left in the plaintiff wife's care. The decree provided that the children's custody would "be determined at a later date following psychiatric and/or psychological examinations and testimony of the parties as stipulated." However, the decree did not specify how expert opinions were to be received by the court, whether the parties had waived cross-examination of the experts, what rebuttal evidence could be adduced, nor the time or manner in which the issue of child custody would be brought before the court for its final consideration.

From the decree and the court's minutes, it does not clearly appear that the plaintiff-petitioner's right to a full and fair hearing concerning ultimate disposition of the parties' minor children was waived or otherwise foreclosed.[1] This being so, it cannot be said that following entry of the original decree, the reserved issue of child custody was subject to the court's *sua sponte* disposition with neither notice nor opportunity to be heard. Nonetheless, on November 12, 1974, the respondent court apparently arrived at the belief that it had waited long enough for a psychiatric report on the plaintiff wife's behalf, and of its own motion awarded custody of the children to the defendant father by minute order.[2] Thereafter, on November

---

[1] A provision of our District Court Rules provides:

"No agreement or stipulation between the parties in a cause or their attorneys, in respect to proceedings therein, will be regarded unless the same shall, by consent, be entered in the minutes in the form of an order, or unless the same shall be in writing subscribed by the party against whom the same shall be alleged, or by his attorney." DCR 24.

In the instant case, the minutes contain only the following vague reference to the "stipulation" mentioned in the decree:

"In open court, counsel stipulated in the presence of the parties that the child custody would be based upon the testimony of the parties and the report of Dr. Allport, and that if after plaintiff sees the report, if she wants to she may submit a report of a psychologist or psychiatrist, and that the Court may take these into consideration in making its order."

[2] The minute order recited:

"At this time the Court entered the following order: The custody of the minor children of the parties, John David Matthews and Steven Dwayne Matthews, is awarded to the defendant father. Pursuant to stipulation of counsel, a psychiatric appraisal was made by Dr. William Allport, M.D. with the stipulated right to Mr. Shelley, counsel for plaintiff, to have an independent psychiatric appraisal. The Court has long ago received the report from Dr. Allport, dated July 8, 1974, but there has been no independent phychiatric appraisal received from Mr. Shelley. The Court is impressed with Dr. Allport's appraisal and the Court adopts Dr. Allport's report and incorporates it herein as though set out herein haec verba, and the Court bases its order thereon."

15, the court formalized that order in "Supplemental Findings of Fact, Conclusions of Law, and Decree of Divorce," prepared and submitted ex parte by the husband's counsel. For no reason apparent from the record, the husband's counsel waited until November 27 before mailing the plaintiff wife's attorney notice of entry of judgment relative to this decree. Meantime, on November 19, the plaintiff wife petitioned this court for a writ of prohibition restraining implementation of the aforesaid minute order.

The plaintiff-petitioner proffers various explanations and justifications for not providing a psychiatric evaluation and pressing her position more aggressively, which omissions apparently convinced the respondent court there was nothing to say on her account. We need not consider the validity of these excuses; for the respondent court, having manifestly acted without notice where notice was required, thereby acted without or in excess of its jurisdiction. See: Turner v. Saka, 90 Nev. 54, 518 P.2d 608 (1974), Maheu v. District Court, 88 Nev. 26, 493 P.2d 709 (1972), and authorities there cited.

Accordingly, a writ of prohibition will issue, restraining enforcement of the aforesaid void minute order and supplemental decree, and particularly restraining any transfer of the parties' children from the plaintiff-petitioner's care without notice and due opportunity to be heard. Upon proper application by either party, the district court should decide the reserved question of child custody as a matter of first impression, without foreclosing either party's proofs by reason of their attempted stipulation.